Filed
RECEIVED
IN OPEN COURT
DEC 6 2011
CLERK, U.S. DISTRICT COURT
ALEXANDRIA, VIRGINIA

**IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF VIRGINIA**
Alexandria Division

UNITED STATES OF AMERICA,

v.

HERBERTH ANTONIO GONZALEZ-SANCHEZ,

Defendant.

Criminal Case No: 1:11-CR-566

Bringing In and Harboring Certain Aliens
8 U.S.C. § 1324(a)(1)(A)(ii) and (a)(1)(B)(i)

**PLEA AGREEMENT**

Neil H. MacBride, United States Attorney for the Eastern District of Virginia, Aaron Lewis, Special Assistant United States Attorney, Herberth Antonio GONZALEZ-SANCHEZ ("the Defendant"), and the Defendant's counsel have entered into this agreement pursuant to Rule 11 of the Federal Rules of Criminal Procedure. The terms of the agreement are as follows:

1. **Offense and Maximum Penalties**

The Defendant agrees to waive indictment and plead guilty to a one-count criminal information charging the Defendant with transporting one or more illegal aliens, knowing that they had come to, entered, or remained in the United States in violation of law, in furtherance of such violations of law for the purpose of commercial advantage or private financial gain, in violation of 8 U.S.C. § 1324(a)(1)(A)(ii) and (a)(1)(B)(i). The maximum penalties for this offense are: a ten-year term of imprisonment, a fine of $250,000, a three-year term of supervised release, and a $100 special assessment. The Defendant understands that the term of supervised release is in addition to any prison term the Defendant may receive and that a violation of a term of supervised release could result in the Defendant being returned to prison for the full term of supervised release.

12-1-11 · 12.1-11

**2. Factual Basis for the Plea**

The Defendant will plead guilty because the Defendant is, in fact, guilty of the charged offense. The Defendant admits the facts set forth in the Statement of Facts filed with this Plea Agreement ("this Agreement") and agrees that those facts establish guilt of the offense charged beyond a reasonable doubt. The Statement of Facts, which is hereby incorporated into this Agreement, constitutes a stipulation of facts for purposes of Section 1B1.2(a) of the United States Sentencing Guidelines (the "Sentencing Guidelines").

**3. Assistance and Advice of Counsel**

The Defendant is satisfied that the Defendant's attorney has rendered effective assistance. The Defendant understands that by entering into this Agreement, the Defendant surrenders certain rights as provided in this Agreement. The Defendant understands that the rights of criminal defendants include the following:

a. The right to plead not guilty and to persist in that plea;

b. The right to a jury trial;

c. The right to be represented by counsel – and if necessary have the court appoint counsel – at a trial and at every other stage of the proceedings; and,

d. The right at trial to confront and cross-examine adverse witnesses, to be protected from compelled self-incrimination, to testify and present evidence, and to compel the attendance of witnesses.

**4. Role of the Court and the Probation Office**

The Defendant understands that the Court has jurisdiction and authority to impose any sentence within the statutory maximum described above, but that the Court will determine the

12-1-11 - 12-1-11

Defendant's actual sentence in accordance with Title 18, United States Code, Section 3553(a). The Defendant understands that the Court has not yet determined a sentence and that any estimate of the advisory sentencing range under the United States Sentencing Commission's Sentencing Guidelines Manual that the Defendant may have received from the Defendant's counsel, the United States, or the Probation Office is a prediction, not a promise, and is not binding on the United States, the Probation Office, or the Court. Additionally, pursuant to the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220, 125 S. Ct. 738 (2005), the Court, after considering the factors set forth in Title 18, United States Code, Section 3553(a), may impose a sentence above or below the advisory sentencing range, subject only to review by higher courts for reasonableness. The United States makes no promise or representation concerning what sentence the Defendant will receive, and the Defendant cannot withdraw a guilty plea based upon the actual sentence. Further, in accordance with Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure, the United States and the Defendant will recommend to the Court that the following provisions of the Sentencing Guidelines apply:

a. The applicable section of the Sentencing Guidelines is 2L1.1, with a Base Offense Level of 12 under 2L1.1(a)(3).

b. The offense involved the smuggling, transporting, or harboring of six or more unlawful aliens, resulting in a 3-level increase under 2L1.1(b)(2)(A).

c. The Defendant smuggled, transported, or harbored a minor who was unaccompanied by the minor's parent or grandparent, resulting in a 2-level increase under 2L1.1(b)(4).

The United States and the Defendant agree that the Defendant has assisted the government in the investigation and prosecution of the Defendant's own misconduct by timely

12-1-11 · 12-1-11

notifying authorities of the Defendant's intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the Court to allocate their resources efficiently. If the Defendant qualifies for a 2-level decrease in offense level pursuant to U.S.S.G. § 3E1.1(a) and the offense level prior to the operation of that section is a level 16 or greater, the government agrees to file, pursuant to U.S.S.G. § 3E1.1(b), a motion prior to, or at the time of, sentencing for an additional 1-level decrease in the Defendant's offense level.

**5. Waiver of Appeal, Freedom of Information**

The Defendant also understands that Title 18, United States Code, Section 3742 affords a defendant the right to appeal the sentence imposed. Nonetheless, the Defendant knowingly waives the right to appeal the conviction and any sentence within the statutory maximum described above (or the manner in which that sentence was determined) on the grounds set forth in Title 18, United States Code, Section 3742, or on any ground whatsoever, in exchange for the concessions made by the United States in this Agreement. This Agreement does not affect the rights or obligations of the United States as set forth in Title 18, United States Code, Section 3742(b). The Defendant also hereby waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without limitation any records that may be sought under the Freedom of Information Act (5 U.S.C. § 552) or the Privacy Act (5 U.S.C. § 552a).

**6. Special Assessment**

Before sentencing in this case, the Defendant agrees to pay a mandatory special assessment of one hundred dollars ($100.00) per count of conviction.

12-1-11 12-1-11

**7. Payment of Monetary Penalties**

The Defendant understands and agrees that, pursuant to Title 18, United States Code, Section 3613, whatever monetary penalties are imposed by the Court will be due and payable immediately and subject to immediate enforcement by the United States as provided for in Section 3613. Furthermore, the Defendant agrees to provide all of his financial information to the United States and the Probation Office and, if requested, to participate in a pre-sentencing debtor's examination. If the Court imposes a schedule of payments, the Defendant understands that the schedule of payments is merely a minimum schedule of payments and not the only method, nor a limitation on the methods, available to the United States to enforce the judgment. If the Defendant is incarcerated, the Defendant agrees to participate in the Bureau of Prisons's Inmate Financial Responsibility Program, regardless of whether the Court specifically directs participation or imposes a schedule of payments.

**8. Immunity from Further Prosecution in this District**

The United States will not further criminally prosecute the Defendant in the Eastern District of Virginia for the specific conduct described in the criminal information or the Statement of Facts.

**9. Defendant's Cooperation**

The Defendant agrees to cooperate fully and truthfully with the United States, and provide all information known to the Defendant regarding any criminal activity as requested by the government. In that regard:

a. The Defendant agrees to testify truthfully and completely at any grand juries, trials, or other proceedings.

JCM 12-1-11 - [illegible] - 12-1-11

b. The Defendant agrees to be reasonably available for debriefing and pre-trial conferences as the United States may require.

c. The Defendant agrees to provide all documents, records, writings, or materials of any kind in the Defendant's possession or under the Defendant's care, custody, or control relating directly or indirectly to all areas of inquiry and investigation.

d. The Defendant agrees that, at the request of the United States, the Defendant will voluntarily submit to polygraph examinations, and that the United States may choose the polygraph examiner and specify the procedures for the examinations.

e. The Defendant agrees that the Statement of Facts is limited to information to support this Plea Agreement. The Defendant will provide more detailed facts relating to this case during ensuing debriefings.

f. The Defendant is hereby on notice that the Defendant may not violate any federal, state, or local criminal law while cooperating with the government, and that the government will, in its discretion, consider any such violation in evaluating whether to file a motion for a downward departure or reduction of sentence.

g. Nothing in this Agreement places any obligation on the government to seek the Defendant's cooperation or assistance.

**10. Use of Information Provided by the Defendant Under This Agreement**

The United States will not use any truthful information provided pursuant to this Agreement in any criminal prosecution against the Defendant in the Eastern District of Virginia,

12-1-11 12-1-11

except in any prosecution for a crime of violence or conspiracy to commit, or aiding and abetting, a crime of violence (as defined in Title 18, United States Code, Section 16). Pursuant to U.S.S.G. § 1.B18, no truthful information that the Defendant provides under the Agreement will be used in determining the applicable guideline range, except as provided in § 1B1.8(b). Nothing in this Plea Agreement, however, restricts the Court's or Probation Officer's access to information and records in the possession of the United States. Furthermore, nothing in this agreement prevents the government in any way from prosecuting the Defendant should the Defendant knowingly provide false, untruthful, or perjurious information or testimony, or from using information provided by the Defendant in furtherance of any forfeiture action, whether criminal or civil, administrative or judicial. The United States will bring this Plea Agreement and the full extent of the Defendant's cooperation to the attention of other prosecuting offices if requested.

**11. Defendant Must Provide Full, Complete, and Truthful Cooperation**

This Plea Agreement is not conditioned upon charges being brought against any other individual. This Plea Agreement is not conditioned upon any outcome in any pending investigation. This Plea Agreement is not conditioned upon any result in any future prosecution which may occur because of the Defendant's cooperation. This Plea Agreement is not conditioned upon any result in any future grand jury presentation or trail involving charges resulting from this investigation. This Plea Agreement is conditioned upon the Defendant providing full, complete, and truthful cooperation.

**12. Motion for a Downward Departure**

The parties agree that the United States reserves the right to seek any departure from the applicable sentencing guidelines, pursuant to § 5K1.1 of the Sentencing Guidelines and Policy

SCM 12-1-11 -12-1-11

Statements, or any reduction of sentence pursuant to Rule 35(b) of the Federal Rules of Criminal Procedure, if, in its sole discretion, the United States determines that such a departure or reduction of sentence is appropriate.

**13. Impact of Guilty Plea on Immigration Status**

The Defendant recognizes that pleading guilty may have consequences with respect to the Defendant's immigration status, if the Defendant is not a citizen of the United States. Under federal law, a broad range of crimes can be removable offenses, including the offense to which the Defendant is pleading guilty. Because removal and other immigration consequences are the subjects of a separate proceeding, the Defendant understands that no one, including the Defendant's attorney or this Court, can predict to a certainty the effect of the Defendant's conviction on the Defendant's immigration status. The Defendant nevertheless affirms that the Defendant wants to plead guilty regardless of any immigration consequences that this guilty plea may entail, even if the consequence is the Defendant's automatic removal from the United States.

**14. Breach of the Plea Agreement and Remedies**

This Agreement is effective when signed by the Defendant, the Defendant's attorney, and an attorney for the United States. The Defendant agrees to entry of this Agreement at the date and time scheduled with the Court by the United States (in consultation with the Defendant's attorney). If the Defendant withdraws from this Agreement, or commits or attempts to commit any additional federal, state or local crimes, or intentionally gives materially false, incomplete, or misleading testimony or information, or otherwise violates any provision of this agreement, then:

a. The United States will be released from its obligations under this Agreement, including any obligation to seek a downward departure or a

BCM 12-1-11 [illegible] 12-1-11

reduction in sentence. The Defendant, however, may not withdraw the guilty plea entered pursuant to this Agreement;

b. The Defendant will be subject to prosecution for any federal criminal violation, including, but not limited to, perjury and obstruction of justice, that is not time-barred by the applicable statute of limitations on the date this Agreement is signed. Notwithstanding the subsequent expiration of the statute of limitations, in any such prosecution, the Defendant agrees to waive any statute-of-limitations defense; and

c. Any prosecution, including the prosecution that is the subject of this Agreement, may be premised upon any information provided, or statements made, by the Defendant, and all such information, statements, and leads derived therefrom may be used against the Defendant. The Defendant waives any right to claim that statements made before or after the date of this Agreement, including the Statement of Facts accompanying this Agreement or adopted by the Defendant and any other statements made pursuant to this or any other agreement with the United States, should be excluded or suppressed under the Federal Rule of Evidence, Federal Rule of Criminal Procedure 11(f), the Sentencing Guidelines, or any other provision of the Constitution or federal law.

d. Any alleged breach of this Agreement by either party shall be determined by the Court in an appropriate proceeding at which the Defendant's disclosures and documentary evidence shall be admissible and at which

[handwritten initials] 12-1-11. 12-1-11

the moving party shall be required to establish a breach by a preponderance of the evidence.

**15. Nature of the Agreement and Modifications**

This written Agreement constitutes the complete plea agreement between the United States, the Defendant, and the Defendant's counsel. The Defendant and his attorney acknowledge that no threats, promises, or representations have been made, nor agreements reached, other than those set forth in writing in this Agreement, to cause the Defendant to plead guilty. Any modification of this Agreement shall be valid only as set forth in writing in a supplemental or revised plea agreement signed by all parties.

Respectfully submitted,

Neil H. MacBride
United States Attorney

By: [signature]

Aaron McCree Lewis
Special Assistant United States Attorney
United States Attorney's Office
Eastern District of Virginia
2100 Jamieson Avenue
Alexandria, VA 22314
Phone: (703) 299-3700
Fax: (703) 299-3980
aaron.lewis2@usdoj.gov

December ~~1~~ 6, 2011

[handwritten initials] 12-1-11 · [handwritten initials] 12-1-11

**DEFENDANT'S SIGNATURE:** I hereby agree that I have consulted with my attorney and fully understand all rights that I possess with respect to the criminal information. Further, I fully understand all rights with respect to Title 18, United States Code, Section 3553, and the provisions of the Sentencing Guidelines Manual that may apply in my case. I have read this Plea Agreement and carefully reviewed every part of it with my attorney. I understand this Agreement and voluntarily agree to it.

December 1, 2011

12-1-11

Herberth Antonio Gonzalez-Sanchez
Defendant

**DEFENSE COUNSEL'S SIGNATURE:** I am counsel for the Defendant in this case. I have fully explained to the Defendant his rights with respect to the criminal information. Further, I have reviewed Title 18, United States Code, Section 3553 and the Sentencing Guidelines Manual, and I have fully explained to the Defendant the provisions that may apply in this case. I have carefully reviewed every part of this Plea Agreement with the Defendant. To my knowledge, the Defendant's decision to enter into this Plea Agreement is an informed and voluntary one.

December 1, 2011

Mr. Gregory C. Mitchell
Counsel for the Defendant

12-1-11