**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA**
Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>HERBERTH ANTONIO GONZALEZ-SANCHEZ,<br><br>Defendant. | Criminal Case No: 1:11-CR-566<br><br>The Honorable Liam O'Grady<br><br>Sentencing: February 24, 2012 |

**POSITION OF THE UNITED STATES ON SENTENCING**

The United States of America submits this Position of the United States on Sentencing through its attorneys, Neil H. MacBride, United States Attorney for the Eastern District of Virginia, and Aaron Lewis, Special Assistant United States Attorney. The Presentence Investigation Report correctly identified a term of imprisonment between 15 and 21 months as the recommended sentence under the United States Sentencing Guidelines ("the Sentencing Guidelines"). For the reasons below, the United States respectfully asks this Court to impose a sentence of 15 months.

**SENTENCING GUIDELINES CALCULATION**

The United States agrees with the calculation of the sentencing range recommended in the Presentence Investigation Report. On December 6, 2011, the defendant pleaded guilty to a one-count criminal information that charged him with transporting illegal aliens within the United States for private financial gain, in violation of 8 U.S.C. § 1324(a)(1)(A)(ii) and (a)(1)(B)(i). The defendant's conduct during the offense corresponds to a pre-adjustment offense level of 17 under the Sentencing Guidelines. This reflects a base offense level of 12, under U.S.S.G. § 2L1.1(a)(3), a 3-level enhancement under U.S.S.G. § 2L1.1(b)(2)(A), based on the

number of aliens the defendant transported, and a 2-level enhancement under U.S.S.G. § 2L1.1(b)(4), based on the defendant's transportation of two minor aliens who were unaccompanied by their parents or grandparents. The Presentence Investigation Report applied a 3-level reduction in the defendant's offense level as credit for his acceptance of responsibility. The government agrees that a 3-level reduction is appropriate in this case. If the Court determines that the defendant has accepted responsibility for his offense and applies a 2-level reduction under U.S.S.G. § 3E1.1(a), the United States respectfully moves to adjust the defendant's offense level downward by an additional level, pursuant to U.S.S.G. § 3E1.1(b), in light of the defendant's timely notification to the government of his intention to plead guilty. If the Court grants the government's motion, the defendant's adjusted offense level would be 14.

The defendant's prior criminal conduct falls within Criminal History Category I. Although the defendant was convicted of resisting arrest in September 2006, the resulting sentence does not generate criminal history points because the term of the defendant's imprisonment was less than thirty days. U.S.S.G. § 4A1.2(c)(1). Accordingly, given an adjusted offense level of 14 and a Criminal History Category of I, the Sentencing Guidelines recommend a term of incarceration between 15 and 21 months.

## **ARGUMENT**

Under the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220 (2005), the Sentencing Guidelines are "effectively advisory," rather than mandatory. *Id*. at 245. The Fourth Circuit provided the following guidance in light of *Booker*: "a district court shall first calculate (after making the appropriate findings of fact) the range prescribed by the guidelines. Then, the court shall consider that range as well as other relevant factors set forth in the guidelines and those factors set forth in § 3553(a) before imposing the sentence." *Untied States v. Hughes*, 401

F3d 540, 546 (4th Cir. 2005).  As the Supreme Court has said "[t]he fact that § 3553(a) explicitly directs sentencing courts to consider the Guidelines supports the premise that district courts must begin their analysis with the Guidelines and remain cognizant of them throughout the sentencing process."  *Gall v. United States*, 552 U.S. 38, 50 n.6 (2007).

I.  **A Sentence of 15 Months Would Appropriately Balance the Factors Identified in 18 U.S.C. § 3553(a).**

In addition to the Sentencing Guidelines, a sentencing court must consider the factors set forth in 18 U.S.C. § 3553(a).  To that end, a sentencing court must follow Congress's instruction to consider "the nature and circumstances of the offense and the history and characteristics of the defendant."  18 U.S.C. § 3553(a)(1).  A sentencing court also must ensure that the sentence it imposes "fulfills[s] the congressionally established objectives for sentencing: promoting respect for the law; providing just punishment for the offense; affording adequate deterrence; protecting the public from further criminal activity of the defendant; providing the defendant training, medical care, and correctional treatment; and providing restitution to victims," and that the sentence avoids unwarranted disparities in sentencing.  *United States v. Green*, 436 F.3d 449, 455 (4th Cir. 2006).  Applied to the facts of this case, these factors support the imposition of a 15-month term of incarceration, a sentence at the low end of the range recommended under the Sentencing Guidelines.

    A.    Nature and Circumstances of the Offense

The defendant pleaded guilty to transporting nine illegal aliens within the United States for profit.  He has acknowledged that he expected to be paid for the conduct underlying his conviction and that he had been compensated previously for transporting aliens within the United States.  *See* Statement of Facts ¶ 6.  The defendant was apprehended after the vehicle in which he was transporting his passengers collided with a police vehicle, an accident that could have

3

injured not only the defendant or his passengers, but others as well. The defendant's conduct helped to undermine the efforts of federal law enforcement agencies to enforce the immigration laws of the United States. Specifically, by transporting his passengers, the defendant enabled them to move from Texas to the mid-Atlantic without incurring the risk of detection, or the possibly prohibitive expenses, that are inherent aspects of lawful commercial transportation. The defendant played an essential role in a scheme to transport illegal aliens within the United States for profit. His conduct was a significant offense and it warrants the imposition of a significant sentence.

It is important to note, however, that the government was unable to corroborate the most disturbing allegation concerning the defendant's offense, specifically the allegation by one of the defendant's passengers that he sexually assaulted her before the journey began. *See* Presentence Investigation Report ¶¶ 20-23. As the Presentence Investigation Report correctly states, the government's investigation of this case did not corroborate this allegation. In particular, the government was unable to corroborate the allegation that the defendant used a pistol to threaten the female passenger. Agents did not recover a firearm when the defendant was apprehended and none of the other passengers reported seeing the defendant with a firearm.

  B. <u>History and Characteristics of the Defendant</u>

The defendant is a thirty-year old man whose conduct has been generally law-abiding except for his participation in the alien-smuggling scheme underlying his conviction before this Court. Neither the defendant's prior conviction for resisting arrest five years ago, nor his several traffic infractions, suggests that he poses a significant danger to members of the community. Although the defendant reports that he began smuggling aliens to earn money after he lost his driver's license and became unable to meet his child support obligations, his financial difficulties

do not mitigate his culpability.  Rather than seek lawful employment in Northern Virginia, where he had been employed previously, the defendant traveled to Texas to earn money unlawfully by transporting illegal aliens.

A sentence within the range recommended under the Sentencing Guidelines would appropriately balance the considerations identified in 18 U.S.C. § 3553(a).  Specifically, the government respectfully submits that a sentence of 15 months of incarceration would be sufficient, but not greater than necessary, to reflect the seriousness of the defendant's offense, promote respect for the law, and provide just punishment.  A 15-month term of incarceration, while at the low end of the sentencing range recommended under the Sentencing Guidelines, would also afford adequate deterrence to future criminal conduct by the defendant.

## CONCLUSION

For the foregoing reasons, the United States respectfully asks this Court to impose a sentence of 15 months.  A 15-month sentence would be within the range recommended under the Sentencing Guidelines and also sufficient, but not greater than necessary, to satisfy the factors set forth in 18 U.S.C. § 3553(a).

Respectfully submitted:

Neil H. MacBride
United States Attorney

By:  _____/s/_____
Aaron McCree Lewis
Special Assistant United States Attorney
United States Attorney's Office
2100 Jamieson Avenue
Alexandria, VA 22314
Phone: (703) 299-3700
Fax: (703) 299-3980

February 17, 2012               E-mail: aaron.lewis2@usdoj.gov

## **CERTIFICATE OF SERVICE**

I certify that on February 17, 2012, I filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification of that electronic filing to the following:

Mr. Gregory C. Mitchell
1629 K Street, N.W., Suite 300
Washington, D.C.
Phone: (202) 776-1161
E-mail: gregorymitchell@mindspring.com

                                               /s/
Aaron McCree Lewis
Special Assistant United States Attorney
United States Attorney's Office
2100 Jamieson Avenue
Alexandria, VA 22314
Phone: (703) 299-3700
Fax: (703) 299-3980
E-mail: aaron.lewis2@usdoj.gov